IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:12-CR-00034-RLV-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND ORDER** |
| | ) |
| RAMON VARGAS, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant Vargas's Notice of Appeal of the Detention Order of the Magistrate Judge (Doc. 10) and Second Motion for Bond (Doc. 17).

At the time of the bond hearing in this case, Defendant Vargas was charged by criminal complaint with participation in a drug conspiracy involving at least five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846; conspiracy to launder drug money, in violation of 18 U.S.C. § 1956(h); and attempting to evade currency reporting requirements, in violation of 31 U.S.C. § 5332. Because of the drug-conspiracy charge, which carries a potential maximum sentence of life in prison, 18 U.S.C. § 3142(e)(3)(A)'s "presumption of detention" applied at the time of Defendant's detention hearing. (Doc. 7 at 1) (finding that "[t]he defendant has not rebutted the presumption established by finding . . . that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community").

On August 21, 2012, the Bill of Indictment was returned in this case, and the grand jury did not find cause to make the drug-conspiracy or money-laundering-conspiracy charges.

1

Defendant is now charged only with traveling in interstate commerce in furtherance of illegal activity, in violation of 18 U.S.C. § 1952(a)(3), and with aiding and abetting in such travel, in violation of 18 U.S.C. § 2; with knowingly concealing more than $10,000 in currency or other monetary instruments with the intent to evade currency reporting requirements, in violation of 31 U.S.C. § 5332(a)(1); and with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371. (Doc. 16.) Accordingly, the rebuttable presumption in favor of detention that arises once the United States establishes probable cause to believe that the defendant has committed a violation of a Title 21 offense for which "a maximum term of imprisonment of ten years or more is prescribed" does not apply. 18 U.S.C. § 3142(e)(3)(A).

A district court reviews a magistrate judge's ruling on pretrial detention de novo. *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985). However, the district court need not conduct a new pretrial detention hearing as part of its review. *United States v. Matkins*, 3:06-418, 2006 WL 3373142, at *1 (W.D.N.C. Nov. 21, 2006) (Conrad, C.J.) (citing *United States v. King*, 849 F.2d 485, 489–90 (11th Cir.1988) (deeming de novo review to require only that the district court exercise "*independent consideration*" of all facts properly before it and noting that "[o]therwise, the district court's function would be reduced to the mere duplicitous task of reproducing the magistrate's pretrial detention order[—]an unjudicious use of time"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989)). After conducting its independent review, a district court may explicitly adopt the magistrate judge's order without making duplicate findings or may state additional reasons supporting pretrial detention. *Matkins*, 2006 WL 3373142, at *1 (citing *King*, 849 F.2d at 490–91).

Here, the Court has carefully conducted a de novo review of the evidence presented

before the Magistrate Judge, having examined the audio recording of the detention hearing conducted on August 6, 2012, the Order of Detention itself, and the parties' subsequent filings, as well as the remainder of the record in this case.

The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g). Those factors include (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

With respect to the risk that Defendant, upon release, would endanger the safety of any other person or the community, in the absence of section 3142(e)(3)(A)'s presumption, "[t]he United States does not know of any particular danger to the community associated with this defendant." (Doc. 14 at 7.) Therefore, if Defendant is to be detained pending trial, he must be detained on the basis of flight risk, and the Court looks to the remaining factors with this in mind. As a general matter, "[w]ith regard to the risk of flight as a basis for detention, the government must prove by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence at future court proceedings." *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985) (noting that the statute's clear-and-convincing-evidence standard applies only to a determination that "no condition or combination of conditions will reasonably assure the safety of any other person and the community").

In his written order, Magistrate Judge Cayer listed the following as his reasons for

3

detention: "Government proffers Defendant operating truck en route to Mexico. $604,000 in bundled currency seized. Ion scan on money is positive for cocaine. Ledger consistent with kilogram quantities of cocaine also seized." (Doc. 7 at 1.) While the Magistrate Judge made no written mention of Defendant's ties to the community, Defendant notes and the Court considers his "extraordinarily strong ties to the community in which he lives," that is, Pharr, Texas. Although Defendant lived his entire life in the same county in which he now lives and in the same area in which many extended family members reside, and has three or four young children by his wife of eight years (Doc. 10 at 3; Doc. 17 at 5; Doc. 23 at 1), one of which underwent recent heart surgery and still requires follow-up care (Doc. 23 at 1), and although the Court is aware of the problematic nature of placing too much weight on a cocaine-positive ion scan, *see, e.g.*, Jonathan Oyler, William D. Darwin, and Edward J. Cone, *Cocaine Contamination of United States Paper Currency*, 20 J. Analytical Toxicology 213, 213–16 (1996) (finding that "cocaine contamination of currency is widespread throughout the United States and is likely to be primarily a result of cross-contamination from other contaminated currency and from contaminated money-counting machines"), the Court notes that the City of Pharr is approximately ten miles from the Mexico–United States border; that Defendant allegedly conceded, and the bill of lading suggested, that he was ultimately headed to Mexico at the time he was stopped and the currency discovered by law enforcement (Doc. 14 at 4–5); that law enforcement seized approximately $604,000 in bundled, U.S. currency; and that Defendant's community ties do not extend to the Western District of North Carolina, *see United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) (deeming the term "community" to embrace "both the community in which the charges are brought and also a community in the United States to

which the defendant has ties").

Therefore, the Court finds by a preponderance of the evidence that no combination of conditions will reasonably assure Defendant Vargas's presence at future court proceedings and that Magistrate Judge Cayer's Order of Detention was appropriate.

**IT IS, THEREFORE, ORDERED** that Defendant's Appeal of the Detention Order (Doc. 10) be **DENIED** and that Defendant's Second Motion for Bond (Doc. 17) be **DENIED**. The Magistrate Judge's Detention Order is hereby **AFFIRMED** on the basis of Defendant's flight risk.

Signed: October 5, 2012

Richard L. Voorhees
United States District Judge